UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN STANLEY IVIE,

         Plaintiff,

v.

TRAVIS ADAMS, et al.,

         Defendant.

CASE NO. 3:20-CV-5389-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Martin Stanley Ivie, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by July 6, 2020, to cure the deficiencies identified herein.[1]

---

[1] Plaintiff's Declaration and Application to Procced *In Forma Pauperis* and Written Consent for Payment of Costs by a Prisoner Bringing a Civil Action ("Motion to Proceed IFP") is pending before the Court. Dkt. 4. As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Procced IFP until Plaintiff responds to this Order to Show Cause or Amend.

### I.   Background

Plaintiff, a prisoner in the custody of the Washington State Department of Corrections ("DOC"), alleges employees of governmental agencies in the State of Washington violated his constitutional rights when they attempted to murder him on February 9, 2012. Dkt. 1. Plaintiff also alleges state law claims arising from February 9, 2012 incident. *Id.*[2]

### II.   Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

   A. Rule 8

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

---

[2] Plaintiff asserts this action is not a 42 U.S.C. § 1983 civil rights case or a 28 U.S.C. § 2254 writ of habeas corpus case. However, Plaintiff has alleged his constitutional rights were violated by individuals acting under state law. Therefore, the Court will proceed under § 1983 and relevant state law for any state law claims this Court has supplemental jurisdiction over.

1   Here, Plaintiff filed a 121-page Proposed Complaint. Dkt. 1. The allegations of wrong-
2   doing appear to be only the first 4 pages of the Proposed Complaint. *See id*. at pp. 1-4. Plaintiff
3   then filed multiple documents, including a statement from an individual with knowledge of the
4   incident and Plaintiff's federal habeas petition. *See* Dkt. 1. While these documents may serve as
5   exhibits in support of Plaintiff's Proposed Complaint, they are not a substitute for the Proposed
6   Complaint itself. Because "the Court cannot glean what claims for relief might lay hidden in the
7   narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and
8   provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL
9   1335220, *1 (E.D. Cal. May 4, 2005), the Court declines to consider the exhibits and will only
10  consider the allegations as plead in the body of the Proposed Complaint.

11      B.  Statute of Limitations

12  In his Proposed Complaint, Plaintiff alleges his rights were violated when "differing
13  individuals" tried to murder Plaintiff and inflicted great bodily harm upon him on February 9,
14  2012. Dkt. 1, p. 2.

15  A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no
16  statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under
17  state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th
18  Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in
19  Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases
20  in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).
21      The Court also applies the forum state's law regarding equitable tolling for actions
22  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts
23  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).
24

ORDER TO SHOW CAUSE OR AMEND - 3

"The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on April 24, 2020. Dkt. 1. Therefore, any claim arising prior to April 24, 2017 is barred by the statute of limitations. In the Proposed Complaint, Plaintiff alleges the incident giving rise to this case occurred on February 9, 2012. Dkt. 1. From the allegations contained in the Proposed Complaint, Plaintiff had actual notice of the underlying facts in this case more than five years prior to filing this lawsuit. *See* Dkt. 1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, this case is untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 1. Therefore, Plaintiff must show cause why this case should not be dismissed as untimely.

C. <u>Heck Bar</u>

While unclear, the allegations in the Proposed Amended Complaint appear to relate to Plaintiff's arrest and subsequent criminal conviction. Dkt. 1. The Court finds Plaintiff's conviction

1 would be invalidated if he were to prove the allegations in the Proposed Amended Complaint.
2 Thus, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).
3      A plaintiff may only recover damages under § 1983 for allegedly unconstitutional
4 imprisonment, or for any other harm caused by actions whose unlawfulness would render the
5 imprisonment invalid, if he can prove the conviction or other basis for confinement has been
6 reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
7 authorized to make such a determination, or called into question by a federal court's issuance of a
8 writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior
9 invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his
10 suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that
11 action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*
12 *Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).
13      Here, Plaintiff's allegations stem from his arrest and ultimate convictions of eluding police
14 and assault. *See* Dkt. 1. He alleges his rights were violated and the arrest was unlawful. If Plaintiff
15 proves the allegations in the Proposed Complaint, it could be grounds for invalidation of his
16 underlying conviction. For example, if Plaintiff proves he was unlawfully detained and officer's
17 inflicted great bodily harm, it is possible the charges for alluding police and assault could be
18 invalidated. Thus, if the Court were to grant Plaintiff the relief requested in the Proposed
19 Compliant his underlying convictions could be invalidated.
20      As Plaintiff's allegations amount to an attack on the constitutional validity of his
21 underlying convictions, the Proposed Amended Complaint may not be maintained under § 1983
22 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87;
23 *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his
24

ORDER TO SHOW CAUSE OR AMEND - 5

1 | convictions have been reversed on direct appeal, expunged by executive order, declared invalid
2 | by a state tribunal authorized to make such determination, or called into question by a federal
3 | court's issuance of a writ of habeas corpus. In fact, Petitioner's federal writ of habeas corpus is
4 | pending in this Court. *See Ivie v. Haynes*, Case No. 3:20-CV-5027-RJB-DWC. As Plaintiff's
5 | current convictions have not been reversed and as the validity of the convictions would be called
6 | into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*.
7 | Therefore, Plaintiff must also show cause why the Proposed Complaint should not be dismissed
8 | as *Heck* barred.

9 |     D.  <u>Failure to State a Claim</u>

10 | The Court also finds Plaintiff has failed to state a claim upon which relief can be granted
11 | in the Proposed Complaint. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must
12 | show: (1) he suffered a violation of rights protected by the Constitution or created by federal
13 | statute, and (2) the violation was proximately caused by a person acting under color of state law.
14 | *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is
15 | therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510
16 | U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how
17 | individually named defendants caused, or personally participated in causing, the harm alleged in
18 | the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d
19 | 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to
20 | state a claim for relief. *Leer*, 844 F.2d at 633.
21 | Here, the Proposed Complaint contains only vague allegations of violations of the
22 | Constitution and state laws. Plaintiff does not allege any specific allegations against any named
23 | Defendant. Further, Plaintiff does not explain what actions Defendants took or failed to take that
24 | violated his rights and resulted in attempted murder. Therefore, Plaintiff has failed to state a

claim for which relief can be granted as to all Defendants in this action. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

E. Request to Prosecute

While unclear, Plaintiff may also be requesting Defendants be criminally charged for their actions related to the February 9, 2012 incident. *See* Dkt. 1. "[T]he decision to file criminal charges is solely within the authority of prosecutors[.]" *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in public prosecutors"). As the decision to prosecute Defendants is solely within the purview of the state prosecutor's office, Plaintiff cannot seek to compel a prosecutor's office to bring criminal charges against Defendants. Therefore, Plaintiff has failed to state a claim for which relief can be granted as to this claim.

**III.   Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

and not a copy, it should contain the same case number, and it may not incorporate any part of the Proposed Complaint by reference. The amended complaint will act as a complete substitute for the Proposed Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. As stated above, attachments will not be considered as a substitute for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 6, 2020, the undersigned will recommend dismissal of this case.

The Clerk is directed to:

1. Send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service;
2. Send copies of this Order and Pro Se Instruction Sheet to Plaintiff;
3. Re-note the Motion to Proceed IFP (Dkt. 4) for July 6, 2020.

Dated this 3rd day of June, 2020.

David W. Christel
United States Magistrate Judge